GUS SMITH v. THE STATE.

No. 2798.   Decided January 27, 1904.

**Appeal Bond—Appeal from Justice Court.**

An appeal bond upon an appeal from the justice court to the county court which is conditioned that appellant make his personal appearance on the third day of August, 1903, instead of his personal appearance before said court at its next regular term after the trial of said cause in the court below, and wholly fails to correctly state the time at which the next regular term of said county court is to be held, is defective.

Appeal from the County Court of Navarro.   Tried below before Hon. A. B. Graham.

. Appeal from a dismissal of appeal from justice court to the county court, upon a conviction of simple assault; fine $5.

No statement necessary.

*J. T. Williams,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was prosecuted in the Justice Court of Navarro County for an assault; was convicted, and his punishment assessed at a fine of $5, from which conviction he attempted to appeal to the county court, executing an appeal bond, as follows: "Whereas on the 7th day of May, 1903, in said justice court, judgment was rendered and entered against Gus Smith, defendant in the above entitled and numbered cause, that the State of Texas have and recover of and from the said Gus Smith the sum of five dollars fine, and all costs of said prosecution. That in said cause, defendant Gus Smith was convicted on complaint charging him with a misdemeanor; that said defendant has appealed to the County Court of Navarro County, Texas. Therefore we, Gus Smith, as principal, and the others signed hereto, as sureties, hereby bind ourselves, heirs and legal representatives jointly and severally to pay to the State of Texas the sum of eighty dollars, conditioned that the said Gus Smith shall well and truly make his personal appearance before the County Court of Navarro County, Texas, at the next regular term, to be holden on the 3d day of August, 1903, at the courthouse in the city of Corsicana, Texas, and there remain from day to day and term to term and answer in said cause on trial in said court. Now, therefore, if the said Gus Smith shall well and truly comply with all of the conditions of this bond, then the same shall be null and void, otherwise to remain in full force and effect," etc. Which bond was signed by sufficient number of sureties, and approved by the justice of the peace. When the case was called in the county court, the county attorney moved to dismiss the appeal, because said bond is not conditioned as required by law; and because said appeal bond is conditioned for the personal appearance of defendant on the first Monday in August, 1903; and not for his personal appearance before this court at its next regular term after the trial of said cause in the court below; and wholly fails to correctly state the time at which any term of this court is to be held. The court below sustained the motion. In this there was no error. Article 889, Acts Twenty-seventh Legisalture, p. 291, in stating the requisite of an appeal bond from the justice to county court, requires that the time and place of holding the next regular term of the court shall be stated in the bond. The bond in this instance does not so state. The caption shows that the term of the county court convened on the 6th day of July, 1903. The action of the lower court was correct. The judgment is affirmed.

*Affirmed.*